THE STATE OF OHIO, APPELLANT, *v.* MUSCATELLO, APPELLEE.

[Cite as State v. Muscatello (1978),
55 Ohio St. 2d 201.]

(No. 77-950—Decided July 26, 1978.)

Mr. *John T. Corrigan,* prosecuting attorney, and *Mr. George J. Sadd,* for appellant.

*Gold, Rotatori, Messerman & Schwartz Co., L. P. A., Mr. Gerald A. Messerman* and *Mr. Julian Cohen,* for appellee.

HERBERT, J. The charge of the trial court to the jury in the cause at bar included, in relevant part:

"* * *

"Voluntary manslaughter is knowingly causing the death of another while under extreme emotional stress brought on by serious provocation reasonably sufficient to incite the Defendant into using deadly force.

"Before you can find the Defendant guilty of voluntary manslaughter, you must find beyond a reasonable doubt:

"* * * [T]hat Richard Rauscher was a living person and his death was caused by the Defendant, William C. Muscatello, in Cuyahoga County, Ohio, on or about the 2nd day of February, 1975, and that the killing was done knowingly, and that the act causing the death of the victim was performed while the Defendant, William C. Muscatello, was under extreme emotional stress brought on by serious provocation reasonably sufficient to incite him to using deadly force."

In reviewing this jury instruction, the Court of Appearls correctly determined that emotional stress, as described in R. C. 2903.03,[2] is not an element of the crime of voluntary manslaughter.[3] Such emotional stress is a circumstance, the establishment of which mitigates a defendant's criminal culpability. Furthermore, in a prosecution for aggravated murder, a defendant is not required to establish the mitigating circumstance of extreme emotional stress, as described in R. C. 2903.03, beyond a reasonable doubt or by a preponderance of the evidence in order for a jury to consider the lesser included offense of voluntary manslaughter.

We agree with the Court of Appeals that where a defendant originally has been charged with aggravated murder or murder, the prosecution can be expected to endeav-

[2]R. C. 2903.03 provides:

"(A) No person, while under extreme emotional stress brought on by serious provocation reasonably sufficient to incite him into using deadly force, shall knowingly cause the death of another.

"(B) Whoever violates this section is guilty of voluntary manslaughter, a felony of the first degree."

[3]Language to the contrary in the opinion in *State* v. *Toth* (1977), 52 Ohio St. 2d 206, at page 218, is disapproved.

or to prove the elements of the highest offense; it will attempt to disprove the mitigating circumstance. Because only the defendant will gain by establishing the mitigating circumstance, he alone will be concerned with showing its existence. Therefore, the import of the instant instruction is as if the trial court had instructed the jurors that appellee bore the burden of establishing the presence of the described emotional stress by proof beyond a reasonable doubt. This instruction is impermissible because of our conclusion that where, in a prosecution for aggravated murder, the defendant produces or elicits some evidence of the mitigating circumstance of extreme emotional stress described in R. C. 2903.03, the question of his having committed the lesser included offense of voluntary manslaughter must be submitted to the jury under proper instructions from the court.

The Court of Appeals held also that the extreme emotional stress described in R. C. 2903.03 may be the result of a build-up of stress over an extended period of time.

Long prior to the January 1, 1974, effective date of R. C. 2903.03, it had been settled in this state that where one inflicted a mortal wound in a sudden affray *or* in heat of blood or passion, without time for reflection or for the passions to cool, he was guilty of manslaughter. If, however, it appeared that the accused had reflected, deliberated or cooled between the time of provocation and the time the fatal stroke was given, or if there was time and opportunity for cooling, the killing was with malice and intent to kill. *E. g., State* v. *Robinson* (1954), 161 Ohio St. 213, 219, 118 N. E. 2d 517. See, also, *State* v. *Elfrink* (1954), 161 Ohio St. 549, 550-52, 120 N. E. 2d 83.

In *Elfrink,* this court approved the following jury instruction:

" 'When a person is killed under the influence of sudden passion, or in the heat of blood produced by an adequate and reasonable provocation, and before a reasonable time has elapsed for the blood to cool, and for rea-

son to assume its habitual control, and such killing is the result of such temporary excitement induced by such provocation by which the control of reason was disturbed rather than by wickedness of heart or cruelty or wickedness of disposition, it is manslaughter in the first degree.' "

We do not find it necessary to agree with the Court of Appeals that the General Assembly intended to change the former law.[4] An act committed while under the extreme emotional stress described in R. C. 2903.03(A), is one performed under the influence of sudden passion or in the heat of blood brought on by serious provocation reasonably sufficient to incite the defendant into using deadly force. The General Assembly could not have intended to allow mitigation of the criminal culpability of a defendant who, during weeks of vile harassment, calculates and designs his tormentor-victim's subsequent homicide. It is upon just such fact-patterns that defendants enjoy the opportunity of obtaining relief by means other than a resort to deadly force. To treat a deliberate, calculated homicide as voluntary manlaughter because extreme emotional stress brought on by the requisite provocation caused the laying of plans for the killing,[5] as well as the killing itself, is a grave step which we do not believe the General Assembly intended to take.[6]

---

[4] We are aware of the Committee Comment to R. C. 2903.03 that "* * * [T]he former offense of voluntary manslaughter contemplated killings done in a sudden fit of rage or passion. This section includes such killings, but also includes homicides done while under extreme emotional stress which may be the result of a build-up of stress over a period of time. Both the former law and this section require that the offender's emotional state be the result of sufficient provocation."

[5] To the writer, the sudden passion or heat of blood necessary to a finding of voluntary manslaughter, and a calculated planning of the same killing, seem mutually exclusive.

[6] Of course, evidence of the past relationship of a defendant and his victim would still be relevant to the issue of whether the homicidal act was performed while the perpetrator was, at the time of the killing, in a provoked fit of rage or hot blood.

In the case at bar, the trial judge instructed the jury, in pertinent part, as follows:

"Before you can find the Defendant guilty of voluntary manslaughter, you must find beyond a reasonable doubt:

"No. 1, that Richard Rauscher was a living person and his death was caused by the Defendant, William C. Muscatello, in Cuyahoga County, Ohio, on or about the 2nd day of February, 1975, and that the killing was done knowingly, and that the act causing the death of the victim was performed while the Defendant, William C. Muscatello was under extreme emotional stress brought on by serious provocation reasonably sufficient to incite him to using deadly force. ***

"The emotional stress or condition must be extreme; that is, it must be great in nature and intensity, and it must exist at the time of the act or acts that caused the death of Richard Rauscher. However, to reduce a purposeful murder to voluntary manslaughter, the extreme emotional stress must be brought on by serious provocation.

"Provocation to be serious must be reasonably sufficient to bring on an extreme emotional stress, and the provocation must be reasonably sufficient to incite or to arouse the Defendant into using deadly force.

"In determining whether the provocation was reasonably sufficient to incite the Defendant into using deadly force, you must consider the emotional and mental state of this Defendant and the conditions and the circumstances that surrounded him at that time.

"When a person knowingly kills another under extreme emotional stress brought on by serious provocation reasonably sufficient to cause him to use deadly force to kill another, such a killing is voluntary manslaughter. * * *"

But for the opening reference to guilt beyond a reasonable doubt, discussed *supra*, this charge, so far as it goes, was not prejudicially erroneous under the facts at bar. It does not require that the jury consider only

sudden passion, and does not blur the distinction between voluntary manslaughter and the crimes within which it is included as a lesser offense. [7]

In view of the foregoing, the judgment of the Court of Appeals is affirmed and the cause is remanded for a new trial in conformity herewith.

*Judgment affirmed and cause remanded.*

O'NEILL, C. J., CELEBREZZE, W. BROWN, P. BROWN and SWEENEY, JJ., concur.

LOCHER, J., concurs in the judgment.

---

[7]The Court of Appeals agreed with appellee that the jury also should have been told that the stress need not be of sudden origin. It may be that a charge should be fashioned which properly includes this point. However, we disapprove of the instruction requested by appellee in this case as being misleading.