391 A.2d 1315
**COMMONWEALTH of Pennsylvania**
v.
**Michael G. COLE, Appellant.**
Supreme Court of Pennsylvania.
Argued May 23, 1977.
Decided Oct. 5, 1978.

**3.** We do not reach the question whether appellee may be held liable for his alleged defamation.

Henry O. Heiser, III, Gettysburg, for appellant.

Oscar F. Spicer, Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM.

    This is an appeal from appellant's conviction, by a jury, on two counts of third degree murder.*  Appellant has raised the following contentions:

    (1) The trial court erred in excluding certain testimony of witnesses for appellant;

---

* This Court's jurisdiction is based upon section 202(1) of the Appellate Court Jurisdiction Act of 1970.  17 P.S. § 211.202(1) (Supp.1978–79).

(2) The trial court erred in limiting appellant's testimony;

(3) The trial court erred in granting the Commonwealth's motion to strike the testimony of a pharmacologist who testified on behalf of appellant;

(4) The element of "serious provocation," 18 Pa.C.S.A. § 2503(a) (1973), renders the voluntary manslaughter statute unconstitutionally vague;

(5) The trial court erred in allowing the Commonwealth to elicit from appellant testimony concerning prior misconduct;

(6) The trial court erred in allowing the Commonwealth on rebuttal to present other evidence of appellant's prior misconduct;

(7) The trial court erred in refusing to give certain of appellant's requested points for charge on voluntary manslaughter;

(8) The trial court erred in admitting into evidence two photographs of the crime scene.

As to the substance of appellant's sixth assignment of error, although waived, *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974), we find it also to be without merit. We have also considered appellant's other arguments and conclude that they, too, are without merit.

Judgments of sentence affirmed.