THE STATE OF OHIO, APPELLEE, *v.*
WATKINS, APPELLANT.

(No. 81AP-256—Decided October 6, 1981.)

Mr. Michael Miller, prosecuting attorney, and Ms. Joyce S. Anderson, for appellee.

Mr. James Kura, county public defender, and Ms. Barbara J. Slutsky, for appellant.

MOYER, J. This matter is before us on defendant's appeal from a judgment of the Franklin County Court of Common Pleas rendered on the verdict of a jury finding defendant guilty of one count of attempted murder, one count of felonious assault, a lesser included offense of one of the two charges of attempted murder, another count of felonious assault and one count of aggravated burglary. Linda Lowery and her daughter, Lynette Lowery, testified that, on August 15, 1980, defendant entered their home and stabbed both of them with a knife. Lynette was twelve years old at the time, was stabbed in the middle of her chest, and

Linda Lowery was stabbed five times in her back, as she was fleeing from defendant. James Miller testified he was visiting Linda Lowery on the day in question and that defendant also stabbed him several times upon defendant's arrival at Linda Lowery's apartment.

A witness testified that at the time of the incident he heard a man say, "Come here, bitch; I'm going to kill you" and that the girl said, "Please don't kill me; I won't do it no more."

Defendant suffered injuries to his hands, which required treatment at a local hospital. Police officers found a blood-covered knife wrapped in a handkerchief in defendant's car. The officer also testified that defendant told him, "* * * he had been jumped on and stabbed at an address up on Girbert, and that he felt that he had stabbed somebody in the process of trying to get away." Defendant did not testify.

In its charge to the jury, the trial court stated to the jury that, if they found defendant not guilty of felonious assault, they must then consider the lesser included offense of aggravated assault. In defining the offense of aggravated assault, the trial court instructed the jury that it must find beyond a reasonable doubt that, inter alia, the defendant's action occurred while he was under extreme emotional stress brought on by serious provocation reasonably sufficient to incite him into using deadly force.

Defendant raises the following two assignments of error in support of his appeal:

1. "The trial court's instructions to the jury that 'extreme emotional stress' was an element of aggravated assault to be proved beyond a reasonable doubt denied appellant due process of law under the Fourteenth Amendment of the United States Constitution."

2. "The trial court erred in denying appellant the opportunity to cross-examine the state's witness regarding statements made by appellant. Such re-

fusal denied appellant full and fair cross-examination as guaranteed by the Sixth Amendment of the United States Constitution."

Plaintiff agrees that the trial court erred by instructing the jury that to convict defendant of aggravated assault it must find beyond a reasonable doubt that defendant acted under extreme emotional stress brought on by serious provocation. The question to be determined then is whether the erroneous jury instruction prejudiced defendant. We hold that it did not. In the case of *State* v. *Durkin* (1981), 66 Ohio St. 2d 158 [20 O.O.3d 168], the Supreme Court held that, where a defendant was not entitled to a jury instruction on the offense of voluntary manslaughter because there was no evidence of the mitigating circumstances of extreme emotional stress, he could not have been prejudiced by the trial court's instruction to the jury that extreme emotional stress was an element of the crime of voluntary manslaughter and that the state had to prove that element beyond a reasonable doubt.

By applying the law of *Durkin* to this case, we reach a similar conclusion.

R.C. 2903.12 defines aggravated assault as follows:

"(A) No person, while under extreme emotional stress brought on by serious provocation reasonably sufficient to incite him into using deadly force, shall knowingly:

"(1) Cause serious physical harm to another;

"(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code. * * *"

Defendant was not entitled to an instruction on the lesser included offense of aggravated assault because there is not sufficient evidence in the record to establish that offense. The only testimony which even tends to prove defendant was provoked to slash three people with a knife, one of them a twelve-year-old girl, was the statement of a witness who heard the child say, "Please don't kill me; I won't do it no more." The police officer's testimony that defendant told him he had been jumped and stabbed at a residence on Girbert, which was the street upon which Linda Lowery lived, falls far short of proving defendant was under extreme emotional stress. Defendant has not even attempted to convince us that a twelve-year-old girl could provoke an adult male into using deadly force. *State* v. *Muscatello* (1978), 55 Ohio St. 2d 201 [9 O.O.3d 148]. Defendant's argument, that the effect of the trial court's instruction was equivalent to instructing the jury that defendant had the burden of proving extreme emotional stress beyond a reasonable doubt, is not persuasive in the face of the record before us because there was no evidence which meets the standard for showing defendant acted under extreme mental stress. Defendant's first assignment of error is overruled.

In support of his second assignment of error, defendant argues that the lengthy statement he gave the police regarding the incidents for which he was convicted should have been admitted into evidence under either Evid. R. 803(8) or 803(2). Rule 803(8) provides in pertinent part as follows:

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

"* * *

"(8) Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth * * * (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, unless offered by defendant, unless the sources of information or other circumstances indicate lack of trustworthiness."

Defendant argues that Evid. R. 803(8)(b) authorizes his statement to the police, with its self-serving declarations, to be admitted because it is a report of a public office containing a statement that was offered by the defendant. We conclude from the long-established purpose of the rule against admitting hearsay evidence and the qualifying language of Rule 803(8)(b) that the trial court did not err by refusing to permit defendant's statement under Rule 803(8). The reason hearsay testimony is not generally admissible is because of its unreliability. The provision of 803(8)(b) stating that statements of a defendant may be admitted as part of a police record if sources of information or other circumstances indicate they are trustworthy, defeats defendant's argument. The statement of a suspect who has slashed three people with a knife, made several hours after the incident, can hardly be deemed to be a trustworthy statement for purposes of affording it an exception to the hearsay rule. The admissibility of such a statement would be a clear avoidance of the hearsay rule.

Nor did the trial court err by not admitting the statement as an excited utterance pursuant to Evid. R. 803(2). A statement may be admitted as an excited utterance or as a part of the *res gestae* if it is made before the declarant has time to contrive a statement or to misrepresent the facts. The statement may be admitted if it is a spontaneous exclamation and the trial judge reasonably finds "* * * (a) that there was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still his reflective faculties and thereby make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, and thus render his statement or declaration spontaneous and unreflective * * *." *State* v. *Duncan* (1978), 53 Ohio St. 2d 215 [7 O.O.3d 380], paragraph one of the syllabus. It was not error for the trial court to conclude on the facts before it in this case that defendant's lengthy statement to the police several hours after the incident occurred was not a spontaneous exclamation made after his reflective faculties had been stilled. Finally, defendant's argument that the statement should be admitted under the doctrine of verbal completeness is not well taken. The statement sought to be admitted occurred more than four hours after the first statement to the police officer which defendant seeks to complete. The conversation at University Hospital with defendant and at the police station were two separate conversations and, therefore, the doctrine of verbal completeness does not apply. The second assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P.J., and NORRIS, J., concur.