THE STATE OF OHIO, APPELLANT, *v.* CALHOUN, APPELLEE.

(No. 8049—Decided April 18, 1983.)

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. Ted E. Millspaugh,* for appellant.

*Mr. James A. Hensley,* for appellee.

KERNS, J. On July 20, 1982, an indictment was returned which found that the defendant, William E. Calhoun, "did while under extreme emotional stress, brought on by serious provocation, reasonably sufficient to incite him into using deadly force, knowingly cause the death of Brett Alan Love, then and there being a living human being by means of a deadly weapon, to-wit: a rifle, contrary to the form of the statute (in violation of Section 2903.03 of the Ohio Revised Code) in such case made and provided, and against the peace and dignity of the State of Ohio."

Thereafter, on August 5, 1982, Calhoun entered a plea of not guilty to the charge of voluntary manslaughter, and on October 18, 1982, the cause came on for trial before a jury in the Court of Common Pleas of Montgomery County, at which time the defendant admitted that he fired a rifle and negligently killed one Brett Alan Love, but he denied that he knowingly killed anyone while under extreme emotional stress brought on by serious provocation.

Then, after the state had presented the testimony of two witnesses, the following colloquy took place:

"THE COURT: Let the record show we are in chambers. It is now 11:30, and we have been discussing a problem since nine-thirty this morning, and we have arrived at the situation which is as follows:

"The Prosecutor will state that their evidence will not establish that the defendant while under extreme emotional stress brought on by serious provocation reasonably sufficient to incite him into using deadly force caused the death of another, and that the defendant's position is equally that his client was not under extreme emotional stress brought on by serious provocation reasonably sufficient

24

to incite him into using deadly force. Is this correct?

"MR. HENSLEY [defense counsel]: That's correct.

"THE COURT: And that is your agreement?

"MR. GOELZ [assistant prosecutor]: That is our agreement.

"THE COURT: The state of the record being as it is and after a prolonged discussion of the impact of *State v. Solomon,* 66 O.S. 2d 214, 20 O.O. 3d 213, and *State v. Muscatello,* 55 O.S. 2d 201, 9 O.O. 3d 148, the first syllabus of which reads as follows:

" 'Extreme emotional stress, as described in R.C. 2903.03, is not an element of the crime of voluntary manslaughter.'

"This Court's view is that a normal interpretation of the statute under the rules of construction would make this a necessary element to be proved by the Prosecutor. The impact of *Muscatello* seems to indicate that this is not an element, which renders that statute vague and uncertain as not informing the defendant precisely with what he is charged, and is therefore unconstitutional.

"MR. GOELZ: You want to in your entry get that language in, and after the holding of the Court that the statute is unconstitutional, you will want to dismiss the indictment against the defendant.

"MR. HENSLEY: I don't think you should go that far.

" (Further discussion off the record.)

"THE COURT: Therefore, the Court dismisses the indictment. You prepare an entry and submit it to Jim [defense counsel] for approval.

"There's no point in bringing the jury back, is there?

"MR. GOELZ: Not unless you want to advise them.

"THE COURT: I'll go back to the jury room and tell them, if that's all right with you.

"MR. GOELZ: That's all right."

Based upon its finding that R.C. 2903.03 is unconstitutionally vague, the common pleas court formally dismissed the indictment against Calhoun, and from the judgment so entered, the state has appealed to this court under the authority of R.C. 2945.67.

In the appeal, the only alleged error is directed to the dismissal of the indictment, and like the appellant, we have been unable to relate the holdings of *State v. Muscatello* (1978), 55 Ohio St. 2d 201 [9 O.O.3d 148] and *State v. Solomon* (1981), 66 Ohio St. 2d 214 [20 O.O.3d 213] to the constitutionality of R.C. 2903.03. In *State v. Muscatello,* the Supreme Court expressly held that extreme emotional stress, as described in R.C. 2903.03, is not an element of the crime of voluntary manslaughter; however, the state admitted this mitigating circumstance in the indictment in the present case. Hence, the only remaining duty upon the state was to prove that Calhoun "knowingly" caused the death of Love; and, in our opinion, the allegation of the indictment reducing criminal culpability did not in any way obscure the plain meaning of the notice of the conduct prohibited by the applicable statute. Surely, there is nothing imprecise about the language "knowingly cause the death of another" (R.C. 2903.03), and the admission by the state of "extreme emotional stress," whether or not founded upon fact, would necessarily inure to the benefit of Calhoun in his attempt to show that the death was really the result of a negligent homicide.

The impasse reached at the trial of this case suggests that *State v. Muscatello,* which involved an indictment for aggravated murder, might be subject to reconsideration where voluntary manslaughter is the most serious crime alleged in the indictment, but aside from this observation, and from the standpoint of constitutionality, it simply cannot be said that R.C. 2903.03 is so vague that persons of ordinary intelligence must necessarily guess at its meaning and differ as to its application. See *State v. Phipps* (1979), 58 Ohio St. 2d 271 [12

O.O.3d 273]; *State* v. *Norman* (1981), 2 Ohio App. 3d 159. In fact, the record herein discloses that Calhoun did not seek any explanation of the charges by way of a bill of particulars. Nor did he timely file a motion to dismiss the indictment prior to the commencement of the trial.

In the case of *State* v. *Darcy* (1981), 121 N.H. 220, 427 A. 2d 516, where the indictment was strikingly similar to the indictment against Calhoun in this case, the Supreme Court of New Hampshire concluded that the applicable statute was not unconstitutionally vague. See, also, *Commonwealth* v. *Cole* (1978), 481 Pa. 60, 391 A. 2d 1315; *Anthony* v. *State* (1980), ___ Ind. ___, 409 N.E. 2d 632.

In his brief, Calhoun argues that a remand of this case for further proceedings would be violative of his protection against double jeopardy under Section 10, Article I of the Ohio Constitution, but it is manifest that this argument at this time is premature. In fact, the issue has never been before the trial court; and, at this point, this court can do no more than speculate upon the variable facts and circumstances, as well as the ultimate charge, that might develop in the future course of these criminal proceedings. It is fundamental, of course, that this court does not have original jurisdiction of such matters, and Calhoun's present contentions concerning double jeopardy are therefore without merit.

However, for the reasons stated herein, and based upon our conclusion that R.C. 2903.03 was not rendered vague or imprecise by the rulings of the Supreme Court in *Muscatello* and *Solomon,* the judgment of the common pleas court is reversed and the cause is remanded to that court for further proceedings according to law.

*Judgment reversed and cause remanded.*

WILSON and WEBER, JJ., concur.