## State v. Thompson
*[Cite as 8 AOA 247]*

*Case No. CA-2751*
*Richland County, (5th)*
*Decided December 7, 1990*

*James J. Mayer, Jr., Richland County Prosecutor, 38 South Park Street, Mansfield, Ohio 44902, for Plaintiff-Appellee.*

*David L. Remy, 51 West First Street, Mansfield, Ohio 44902, for Defendant-Appellant.*

SMART, J.

This is an appeal from a judgment of the Court of Common Pleas of Richland County, Ohio, that convicted and sentenced defendant-appellant, Scott Thompson (appellant), for violation of R.C. 2903.02, murder, after a bench trial.

On December 26, 1988, Saul Harris, appellant's cell mate at the Ohio State Refor-

matory in Mansfield, Ohio, was found dead in his cell. Appellant testified at trial that he and Harris had been cell mates for one week and had not gotten along. On Christmas night, the two had argued, and appellant alleged that Harris had threatened appellant's safety. Appellant testified that he bound Harris' hands behind his back so that appellant could sleep without fear. Harris then verbally abused appellant until appellant lost control and strangled him. When he realized that Harris was dead, appellant either summoned a guard himself or asked an inmate at a nearby cell to call for help. At trial, appellant admitted that he caused Harris' death, but urged that he was guilty of voluntary or involuntary manslaughter, not murder.

Appellant assigns two errors to the trial court, the first presented in his initial brief:

## I. THE VERDICT RENDERED BY THE TRIAL COURT FINDING THE APPELLANT GUILTY OF MURDER IN VIOLATION OF R.C. 2903.02(A) WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.

The second assignment of error appears in appellant's supplemental brief:

## II. THE TRIAL COURT ERRED IN FAILING TO SECURE A PROPER JURY WAIVER BY DEFENDANT AS REQUIRED BY THE FEDERAL CONSTITUTION, THE OHIO CONSTITUTION, OHIO REVISED CODE SECTION 2945.05 AND CRIMINAL RULE 23(A).

R.C. 2903.02 states:

"(A) No person shall purposely cause the death of another.

"(B) Whoever violates this section is guilty of murder, and shall be punished as provided in section 2929.02 of the Revised Code."

R.C. 2903.03 states:

"(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly cause the death of another.

"(B) Whoever violates this section is guilty of voluntary manslaughter, an aggravated felony of the first degree."

Appellant urges that the record does not support a finding that he acted purposely to cause Harrison's death, but rather he acted in the heat of passion under serious provocation.

Our standard of reviewing a judgment challenged to be against the manifest weight of the evidence is whether there is substantial, competent and credible evidence upon which the trier of fact could reasonably conclude that all the elements of the offense have been proven beyond a reasonable doubt, *State v. Brown* (1988), 38 Ohio St. 3d 602. Questions of credibility are for the trier of fact, not for the reviewing court, *State v. Martin* (1986), 21 Ohio St. 3d 91, 95.

The trial court as trier of fact had to determine, *inter alia*, whether the provocation was serious, and whether appellant acted under extreme emotional distress. In *State v. Deem* (1988), 40 Ohio St. 3d 207, the Supreme Court held:

"Provocation, to be serious, must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force. In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the condition and circumstances that surround him at the time. (*State v. Mabry* [1982], 5 Ohio App. 3d 13, 5 O.Bar 14, 449 N.E. 2d 16, para. 5 of the syllabus, approved.)" Syllabus, para. 5, by the court.

Regarding whether appellant acted under extreme stress, the lapse of time between the provocation and the killing is significant, *State v. Muscatello* (1978), 55 Ohio St. 2d 201. Appellant testified he had bound Harris approximately 30 minutes Richland County, Case No. CA-2751 before strangling him. This would permit the trier of facts to conclude that after Harris had been physically restrained, appellant had time for his passions to cool and for reflection about the consequences of his acts.

We have reviewed the record and find sufficient, competent and credible evidence to support this judgment.

The first assignment of error is overruled.

## II

R.C. 2945.05 states:

"In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made part of the record thereof. It shall be entitled in the court and cause, and substances as follows:

"'I....defendant in the above cause, hereby voluntarily waive and relinquish my right to trial by jury, and elect to be tried by a Judge of the Court in which said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury.'

"Such waiver of trial by jury must be made at open court after defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time be fore the commencement of the trial."

The statute clearly mandates that the waiver must be in writing and must be signed by the defendant himself, *State v. Tate* (1979), 59 Ohio St. 2d 50.

The trial court found that appellant had waived his right to trial by jury and the prosecutor has asserted that this is factually correct. However, the record does not contain a written waiver.

Certainly we have no reason to believe that the trial court and the prosecutor are misstating or misrepresenting the facts. The State has requested that this court find that appellant's waiver was properly made. We must decline to do so, given the plain language in the statute and extensive case law. We have no option but to reverse this case for lack of compliance with the statutory requirements.

The second assignment of error is sustained.

For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with applicable law and not inconsistent with this opinion.

PUTMAN, P.J., and MILLIGAN, J., concur.