Jeffrey Sharpe appeals from his conviction in the Clark County Common Pleas Court of aggravated assault with a firearm specification. Sharpe was originally indicted upon the charges of attempted murder and felonious assault with each offense carrying a firearm specification. As a result of the jury's verdicts, Sharpe was sentenced to consecutive sentences of eighteen month and three years.
The charges against Sharpe stemmed from an altercation between two gangs outside a bar in Springfield in the early morning hours of June 1, 1997. The State presented evidence that after the individuals of the respective gangs got into a heated argument which led to physical blows, Sharpe went back in to his car and retrieved a 9 millimeter handgun and shot the victim Ronnie McIray in the head. The State presented evidence that McIray was unarmed at the time he was shot.
In linking the firearm which injured the victim to the defendant, the State matched a spent shell casing found at the scene to shell casings found at the scene where the defendant discharged a gun two days earlier.
Defense witnesses asserted that the victim was shot after he pulled a gun on the defendant and they struggled over it. He offered the testimony of a criminalist who stated the gunshot wound was consistent with a close range shot and inconsistent with the victim's version of how the shooting occurred.
In his first assignment, Sharpe argues that the trial court abused its discretion in permitting the State to reopen its case for the admission of Exhibit E, the shell casing identified as recovered from the scene of the shooting. We agree with the State that the trial court did not abuse its discretion in permitting the State to introduce the shell casing into evidence. The exhibit had been introduced during the testimony of Officer Paula Rich who recovered it at the shooting scene and it was inadvertently not offered into evidence. There was no dispute in the record that Exhibit E was the shell casing recovered at the scene. Criminalist Timothy Shephard testified he compared Exhibit E with Exhibit B which contained 13 cartridge casings that were recovered from another scene two days before the shooting. Exhibit E was merely physical evidence of limited value to the jury without the expert testimony of the criminalist. Sharpe has not demonstrated any unfair surprise or advantage that the State gained as a result of its delay in seeking the admission of Exhibit E. The first assignment of error is Overruled.
In his second assignment, Sharpe contends the trial court erred in instructing the jury it could find him guilty of a firearm specification if it found him guilty of the lesser included offense of aggravated assault. Appellant contends the instruction was improper because the firearm specification was in the indictment at the end of the felonious assault count and not attached to an aggravated assault count.
This assignment of error is Overruled upon the authority ofState v. Lytle (1990), 49 Ohio St.3d 154. The court's reasoning in that case has equal application to the requirements of R.C.2941.145 enacted in 1996. The appellant's third assignment asserts the trial court erred in imposing the mandatory 3 year sentence upon him. For the reasons stated above, this assignment is likewise Overruled.
In his last assignment, appellant contends the trial court erred in instructing the jury that he bore the burden of persuading the jury by a preponderance of the evidence that he acted under the influence of sudden passion or in a sudden fit of rage, either of which was brought on by serious provocation occasioned by the victim that was reasonably sufficient to incite him into using deadly force.
In State v. Rhodes (1992), 63 Ohio St.3d 613, the Ohio Supreme Court held at the syllabus:
 A defendant on trial for murder for aggravated murder bears the burden of persuading the fact finder, by a preponderance of the evidence, that he or she acted under the influence of sudden passion or in a sudden fit of rage, either of which was brought on by serious provocation occasioned by the victim that was reasonably sufficient to incite the defendant in to using deadly force, R.C. 2903.03(A), in order for the defendant to be convicted of voluntary manslaughter rather than murder or aggravated murder. (State v. Muscatello (1978), 55 Ohio St.2d 201, 9 O.O. 3d 148, 378 N.E.2d 738, construed and modified.)
The Ohio Jury Instructions Committee opined that the holding in State v. Rhodes (1992), applies by analogy to the mitigation of felonious assault, reducing the offense to aggravated assault. We agree with that opinion. The fourth assignment of error is likewise Overruled.
The judgment of the trial court if Affirmed.
FAIN, J., and GRADY, J., concur.
Copies mailed to:
David E. Smith Daniel J. Martin Hon. Gerald Lorig