OPINION
On April 24, 1998, the Stark County Grand Jury indicted appellant, Thoms Cross, on one count of murder with a firearm specification in violation of R.C. 2903.02 and R.C. 2941.145. Said charge arose from the shooting death of appellant's live-in girlfriend, Christine A. Hoy. A jury trial commenced on August 10, 1998. The jury found appellant guilty as charged. By judgment entry filed August 14, 1998 the trial court sentenced appellant to an indefinite term of fifteen years to life plus a three year term on the firearm specification. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I REQUIRING AN ACCUSED CHARGED WITH MURDER TO PRESENT EVIDENCE OF MITIGATING CIRCUMSTANCES IN ORDER TO BE ENTITLED TO A JURY INSTRUCTION ON THE LESSER OFFENSE OF VOLUNTARY MANSLAUGHTER VIOLATES DUE PROCESS AND EQUAL PROTECTION AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, ARTICLE 1, SECTION 2 AND ARTICLE II, SECTION 26 OF THE OHIO CONSTITUTION.
 II MR. CROSS WAS DEPRIVED OF HIS RIGHTS TO A FAIR TRIAL AND DUE PROCESS OF LAW BY THE TRIAL COURT'S REFUSAL TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE OF VOLUNTARY MANSLAUGHTER WHEN THE EVIDENCE SHOWED MR. CROSS LACKED A SPECIFIC INTENT TO KILL IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 III MR. CROSS WAS DENIED HIS CONSTITUTIONAL RIGHTS TO A MEANINGFUL OPPORTUNITY TO PRESENT A COMPLETE DEFENSE, A FAIR TRIAL, AND DUE PROCESS OF LAW BY THE TRIAL COURT'S REFUSAL TO PERMIT INTRODUCTION OF EVIDENCE CONCERNING THE CIRCUMSTANCES AND SETTING SURROUNDING THE ALLEGED CRIME, AND THE EXCLUSION OF A DEFENSE WITNESS IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 IV MR. CROSS WAS DEPRIVED OF HIS RIGHTS TO DUE PROCESS AND A FAIR TRIAL BY THE TRIAL COURT'S REFUSAL TO INSTRUCT THE JURY ON THE INFERIOR CRIME OF VOLUNTARY MANSLAUGHTER.
 I, II
Appellant claims the Ohio statutory scheme for murder (R.C.2903.02) and voluntary manslaughter (R.C. 2903.03) places the burden of proving mitigating circumstances upon the accused in a murder prosecution to establish voluntary manslaughter when in fact the distinction is between the requisite mental elements, "purposefully" vis vis "knowingly." Appellant claims said burden violates his due process and equal protection rights under theFourteenth Amendment to the United States Constitution and Section26, Article II, of the Ohio Constitution. We disagree. We find appellant failed to challenge the constitutionality of the statutory scheme at the trial court level. As stated by the Supreme Court of Ohio in State v. Awan (1986), 22 Ohio St.3d 120, syllabus: Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal. Apart from this dictate, we find we are bound by the decision of the Supreme Court of Ohio in State v. Rhodes (1992), 63 Ohio St.3d 613, syllabus, which states as follows: A defendant on trial for murder or aggravated murder bears the burden of persuading the fact finder, by a preponderance of the evidence, that he or she acted under the influence of sudden passion or in a sudden fit of rage, either of which was brought on by serious provocation occasioned by the victim that was reasonably sufficient to incite the defendant into using deadly force, R.C. 2903.03(A), in order for the defendant to be convicted of voluntary manslaughter rather than murder or aggravated murder. (State v. Muscatello [1978],55 Ohio St.2d 201, 9 O.O.3d 148, 378 N.E.2d 738, construed and modified.)
Further, appellant was never charged with voluntary manslaughter nor was the lesser included offense ever charged to the jury. Any discussion on the issue would be only an advisory opinion. Assignments of Error I and II are denied.
 III
Appellant claims the trial court erred in excluding the testimony of Pete Sklavounos and a portion of the testimony of Jesse Cross. We agree in part. The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Defense counsel proffered Mr. Sklavounos's proposed testimony as follows: I would argue to the Court that his testimony is material and relevant in this case, that were he to appear he would testify as to confrontations between himself and the deceased, Chris Hoy.
He would testify that the arguments they had gotten into were of the nature of her language, and her physical aggressiveness. He would testify that she was a tenant of his, lived in a duplex for some time, and that she rented from him between the years 1986 and 1990.
Vol. II T. at 318. The trial court found the testimony to be irrelevant. Vol. II. T. at 320-321. Under Evid.R. 401, relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ms. Hoy's behavior some eight to fourteen years ago was not relevant to the case. The trial court did not err in excluding the testimony. Jesse Cross, appellant's son, observed Ms. Hoy some fifteen to twenty minutes before her death. Defense counsel questioned Mr. Cross on statements made by Ms. Hoy while she was at the top of the basement steps but the trial court sustained the prosecutor's objection. Id. at 351-352. Mr. Cross's testimony was not proffered for the record however, appellant testified that when Ms. Hoy was at the top of the basement steps she "started screaming, said she wanted that fucking Mexican and Jessie out of the house." Id. at 373. We concur with appellant the testimony was not hearsay but the "res gestae" of the offense. Although it was error not to admit the testimony, the record is replete with references to the nature of the argument between appellant and Ms. Hoy, Ms. Hoy's disdain for appellant's son and Ms. Hoy's taunts immediately prior to the shooting. Id. at 303, 356, 368-370, 374. We find said error does not affect appellant's substantial rights and is therefore harmless error. Crim.R. 52(A). Assignment of Error III is denied.
 IV
Appellant claims the trial court erred in failing to give an instruction on voluntary manslaughter. We disagree. The trial court has discretionary authority in its duty to instruct on the law as it pertains to the case. State v. Nelson (1973), 36 Ohio St.2d 79; Blakemore. Voluntary manslaughter is set forth in R.C.2903.03(A) and states as follows: No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly cause the death of another or the unlawful termination of another's pregnancy.
As noted by the Supreme Court of Ohio, there is no set formula or bright line test for determining what constitutes reasonably sufficient provocation occasioned by the victim that would incite a person to use deadly force. This question is to be resolved by examining the circumstances of the case: The provocation must be reasonably sufficient to incite the defendant to use deadly force. For provocation to be reasonably sufficient, it must be sufficient to arouse the passions of an ordinary person beyond the power of his or her control. Once the defendant has been sufficiently provoked by the victim, it may be proper to label the conduct from that point onward `understandable.' * * * Our criminal law recognizes that the provoked defendant is less worthy of blame than the unprovoked defendant, but the law is unwilling to allow the provoked defendant to totally escape punishment. * * * The jury, because it has the ability to find the sufficiently provoked defendant guilty of voluntary manslaughter, rather than murder, is able to exercise the value judgment provided by the law in these circumstances. (Citation and footnote omitted.)
State v. Shane (1992), 63 Ohio St.3d 630, 635. In determining whether evidence has been presented to warrant a voluntary manslaughter instruction, the trial court is required to consider the facts of the case and "evaluate the evidence in the light most favorable to the defendant, without weighing the persuasiveness of the evidence." Shane at 637, citing State v. Wilkins (1980),64 Ohio St.2d 382, 388. As pointed out by Justice Resnick in Shane at 637, "words alone will not constitute reasonably sufficient provocation to incite the use of deadly force in most situations." (Emphasis added.) From the facts sub judice, we find Ms. Hoy's words, or as appellant and his son testified "screaming," provoked appellant. Ms. Hoy's screaming caused appellant's son to leave the residence. Vol. II T. at 355-356. After the son left, appellant and Ms. Hoy argued for approximately fifteen to twenty minutes. Id. at 360, 378. During that time, Ms. Hoy was "screaming and yelling" stating "she was going to have me [appellant] locked up in jail, cost me my job." Id. at 374. Appellant attempted to call a cab so he could go out and "get drunk" but Ms. Hoy grabbed the phone away and hit appellant in the throat. Id. at 374-375. Apart from this incident, there is no other physical contact between the two. Thereafter, appellant decided to "walk up the street and use the phone up there and call a cab." Id. at 375. Appellant left the kitchen to get his coat. Id. Ms. Hoy continued screaming and yelling and shouting obscenities. Id. at 378. Instead of getting his coat, appellant got a gun out of a closed drawer. Id. at 386. The last thing appellant remembers was appellant stating "[s]he was going to get my little fuck ass thrown in jail." Id. at 379. Appellant returned to Ms. Hoy and pulled the trigger some six to twelve inches away from her face causing her death. Id. at 224, 244. At the time of her death, Ms. Hoy weighed two hundred and fifty pounds, stood five feet seven inches and had a blood alcohol level of .25. Id. at 244, 257. At the time of the shooting, appellant was not intoxicated although he testified to having consumed some beers. Id. at 165, 292, 314, 367, 377. During appellant's 911 call, he stated `[s]he was yelling. I can't take it anymore. I'm tired of it.' Id. at 392. Appellant told an officer `I've had enough. She was yelling. I can't take it anymore.' Id. Appellant admitted the shooting was not an accident and was not self-defense. Id. at 394. As noted in Shane at 636 "words alone are generally [not] as inflammatory as aggressive actions." Appellant argues the incident with the phone was an aggressive action. We concur Ms. Hoy's words and tenor were inflammatory and the hitting of appellant in the throat was an aggressive act. However, Ms. Hoy's provocations were not reasonably sufficient to incite the use of deadly force. Appellant by his own admission was going to leave the residence. Assignment of Error IV is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, J. Wise, P.J. and Hoffman, J. concur.