DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Robert C. Flowers, appeals the verdict of the Summit County Court of Common Pleas. We affirm.
On the evening of April 24, 1998, Mr. Flowers and his wife, Kathy Jo Johnson, a.k.a. Kathy Flowers, were engaged in a verbal argument in the bedroom of their residence at 1014 Springdale, Akron. At around 10:45 p.m. that evening, the altercation turned violent. Mr. Flowers stabbed Kathy approximately seventeen times with a knife, which she kept in her room for protection. Kathy, after being stabbed, was able to leave the residence and passed away in a neighbor's yard due to blood loss from her injuries.
Kathy's son, Johnnie Johnson, witnessed a portion of Mr. Flowers' attack upon his mother and went to a neighbor to summon help. Detective Donnie Williams and Detective Bell, both of the Akron Police Department and who were also employed as security personnel by the Akron Metropolitan Housing Authority ("AMHA"), responded to the report of a stabbing. The Officers, who were functioning as AMHA security at that time, arrived to find Kathy lying in a pool of blood outside of her neighbor's home. Mr. Flowers had left the area immediately after stabbing his wife.
The officers found a trail of blood from the bedroom of Kathy's residence to the point at which she collapsed. Johnnie Johnson, who had witnessed a portion of the stabbing in his mother's bedroom, was despondent. The Officers found him at a neighbor's residence. Johnnie had been on the porch of the neighbor's residence when Mr. Flowers had fled the scene. After seeing Johnnie, Mr. Flowers had thrown the knife, which he had used to stab Kathy, at Johnnie. The knife missed Johnnie, impacting the neighbor's door.
On April 30, 1998, Mr. Flowers was indicted by the Summit County Grand Jury for aggravated murder with a repeat violent offender specification, in violation of R.C. 2903.01 and 2941.14.9(A), and domestic violence, in violation of R.C.2919.25(A). A jury trial was held, commencing on December 14, 1998. In a verdict journalized on December 23, 1998 the jury found Mr. Flowers guilty of murder, in violation of R.C. 2903.02. He was sentenced accordingly. This appeal followed.
Mr. Flowers asserts two assignments of error. We will address each in turn.
First Assignment of Error
THE TRIAL COURT ERRED IN EFFECTIVELY INSTRUCTING THE JURY THAT THE USE OF A DEADLY WEAPON ESTABLISHES THE ESSENTIAL ELEMENT OF PURPOSE.
 Mr. Flowers avers that the trial court erred by omitting the word "inferred" from the jury instructions that it gave.
 He asserts that, without the term "inferred" in the jury instructions, the jury could have concluded that purpose to kill is present due to the use of a deadly weapon. As he failed to object at trial, Mr. Flowers argues that this omission rises to the level of plain error. We disagree.
If a defendant did not object to the instructions, as required by Crim.R. 30(A), we can only take notice of the error if it rises to the level of plain error. Furthermore, "[a] single instruction to a jury may not be judged in artificial isolation but must be viewed in the context of the overall charge." Statev. Price (1979), 60 Ohio St.2d 136, paragraph four of the syllabus.
Therefore, we can only take notice of the error if it rises to the level of plain error. Crim.R. 52(B). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. In order for this court to apply Crim.R. 52(B), it must be clear that the outcome of the trial would have been different but for the alleged error. See State v.Lane (1995), 108 Ohio App.3d 477, 482.
Mr. Flowers failed to object to the jury instruction, of which he now complains, at trial. Hence, we must determine whether the jury instruction rises to the level of plain error.
Mr. Flowers avers that the trial court erred when it omitted "inferred" from the sentence stating: "If a wound is inflicted upon a person with a deadly weapon in a manner calculated to destroy life, the purpose to cause the death may be inferred from the use of the weapon." (Emphasis added.) 4 Ohio Jury Instructions (1997), Section 409.01(6), at 58. We conclude that, considering the jury instructions as a whole, the trial court's omission does not rise to the level of plain error. The trial court's instructions made it clear that "[a] person acts purposely when it is his specific intention to cause a certain result." Further the trial court instructed that the weapon used was just one factor which the jury should use to determine whether Mr. Flowers had acted purposefully. We deduce that the jury was not misled by the missing word due to the contents of the jury instructions as a whole. Hence, we cannot conclude that the outcome of the trial would clearly be different if it were not for the alleged error. Mr. Flowers' first assignment of error is overruled.
Second Assignment of Error
APPELLANT'S CONVICTION FOR MURDER WAS AGAINST THAT MANIFEST WEIGHT OF THE EVIDENCE.
Mr. Flowers asserts that his conviction for murder was against the manifest weight of the evidence because the evidence adduced at trial weighed strongly toward a conviction of voluntary manslaughter rather than murder. Moreover, he avers that the evidence at trial showed that he was acting in the heat of passion, in a state of extreme emotional disturbance, rather then with the specific intent that is required to support a conviction for murder. We disagree.
When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
To support a conviction of murder the state must show that one "purposely cause[d] the death of another[.]" R.C. 2903.02(A). One acts purposely "when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature." R.C. 2901.22(A).
One is guilty of voluntary manslaughter when one, "while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, * * * knowingly cause[s] the death of another[.]" R.C. 2903.03(A). "An act committed while under the extreme emotional stress described in R.C. 2903.03(A), is one performed under the influence of sudden passion or in the heat of blood, without time and opportunity for reflection or for passions to cool." State v. Muscatello (1978), 55 Ohio St.2d 201, paragraph five of the syllabus. One acts knowingly "when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
Mr. Flowers argues that the weight of the evidence supports a conviction for voluntary manslaughter rather than murder. Mr. Flowers concedes that he stabbed his wife, causing her death. The evidence showed that a heated argument erupted into violence, ending with Mr. Flowers repeatedly stabbing his wife. As provocation, Mr. Flowers asserts that his wife was high and belligerent; however, assuming arguendo that such allegations are true, the jury's conclusion that such provocation did not rise to a level that would reasonably incite one to use deadly force was not against the manifest weight of the evidence. See State v.Smith (1991), 61 Ohio St.3d 284, 291. After thoroughly reviewing the record, we conclude that the jury did not loose its way or carry out a manifest miscarriage of justice by convicting Mr. Flowers of murder. Furthermore, the evidence adduced at trial supports Mr. Flowers' conviction of murder rather than voluntary manslaughter. Mr. Flowers' second assignment of error is overruled.
Mr. Flowers' two assignments of error are overruled. The verdict of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM G. BATCHELDER FOR THE COURT BAIRD, P.J., WHITMORE, J.concur.