OPINION
Defendant, Dion Wayne Sanders, appeals from his conviction for aggravated murder, murder, aggravated burglary, burglary, failure to comply with the order of a police officer and grand theft of an automobile. The offenses involved and arose from Sanders' shotgun slayings of his two grandparents. Sanders killed his grandparents when they ordered him out of their home.
Sanders entered a plea of not guilty by reason of insanity to the offenses of which he was convicted as they were framed in his indictment. Sanders later withdrew that plea and entered a plea of not guilty.
At trial, Sanders sought to introduce evidence that he suffers from a bipolar affective disorder that is aggravated by low serotonin levels in his brain, type 2 alcoholism, and polydrug abuse. He also sought to introduce expert psychiatric testimony that these organic conditions impair his capacity to control his impulsive behaviors, including rage. Sanders stated that he would offer the evidence to prove that he was incapable of acting with the degree of culpability which the charges of Aggravated Murder involved.
The State objected to the evidence that Sanders would offer, arguing that the evidence was inadmissible because diminished capacity is not a defense to alleged criminal liability, per R.C.2945.391. Further, the evidence was admissible per that section only to prove the affirmative defense of insanity on a plea of not guilty by reason of insanity entered pursuant to R.C. 2943.03(E) and Crim.R. 11. Because Sanders had withdrawn his not guilty by reason of insanity plea, the State argued, the evidence was inadmissible.
The trial court sustained the State's objections on the authority of R.C. 2945.391 andState v. Mitts (1998), 81 Ohio St.3d 223. After his conviction, Sanders filed a timely notice of appeal, and now presents two assignments of error concerning the trial court's ruling.
Sanders' two assignments of error involve the same claim: that the trial court's order excluding evidence that he would offer to show that he lacked the degree of culpability required to commit the Aggravated Murder offenses with which he was charged and lesser offenses included within them violate his right to due process of law as that right is guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States and Article I, Section 10 of the Constitution of Ohio.
The trial court excluded the evidence that Sanders wished to offer on the authority of R.C. 2945.391, which states:
 For purposes of sections 2945.371, 2945.40, 2945.401, and 2945.402 and Chapters 5122. and 5123. of the Revised Code, a person is "not guilty by reason of insanity" relative to a charge of an offense only as described in division (A)(14) of section 2901.01 of the Revised Code. Proof that a person's reason, at the time of the commission of an offense, was so impaired that the person did not have the ability to refrain from doing the person's act or acts, does not constitute a defense.
In State v. Mitts, supra, the Supreme Court construed R.C.2945.391 to hold that "except in the mitigation phase, `adefendant may not offer expert psychiatric testimony, unrelated tothe insanity defense, to show that, due to mental illness,intoxication, or any other reason, he lacked the mental capacityto form the specific mental state required for a particular crimeor degree of crime.'" Id., at 227, quoting State v. Cooey, supra,at 26, and citing State v. Wilcox (1982), 70 Ohio St.2d 182,State v. Slagle (1992), 63 Ohio St.3d 597[65 Ohio St.3d 597], and State v. Huertas (1990),51 Ohio St.3d 22.
Sanders argues that the trial court misapplied Mitts and R.C.2945.391 because he would not have offered the evidence in orderto prove diminished capacity. Rather, he would have offered it to prove that he lacked the degree of culpability which his charges of Aggravated Murder involved. A person is not criminally liable unless he acts with that degree of culpability. R.C.2901.21(A)(2). Any evidence having the tendency to make a finding on that issue more probable or less probable is admissible. Evid.R. 401. All relevant evidence is admissible unless otherwise excluded by operations of law. Evid.R. 402.
Sanders was charged with Aggravated Murder, R.C. 2903.01(A). The degree of culpability which that offense involves is purposefulness. An act is purposeful if it is performed with a specific intent to cause a certain result. R.C. 2901.22(A). Aggravated Murder also requires proof of "prior calculation and design" as an additional part of the mens rea element. State v.Taylor (1997), 78 Ohio St.3d 15. Whether a killing was committedwith prior calculation and design turns on the particular factsand evidence presented. Id.
 Prior calculation and design to kill requires a schemedesigned to implement a calculated decision to kill. State v.Awkal (1996), 76 Ohio St.3d 324. Neither the degree of care northe length of time the offender takes to ponder the crimebeforehand are critical factors in themselves in determiningwhether a defendant killed with prior calculation and design. Id.However, momentary deliberation is insufficient. Id.
Sanders argues that evidence in the form of expert testimony concerning the form of organic brain disorder from which he suffers was admissible to show how the behavior of a sufferer is affected by it and how it "limited his ability to handle the situation" (Brief, p. 15) when his grandparents ordered him from their home. More specifically, he wished to offer the evidence to show that his resulting rage prompted him to act as he did.
Whether an accused acted out of a sense or attitude of rage is not relevant to prove that he acted or didn't act "purposefully" and "with prior calculation and design". Rage is not a motivating factor in the law, and its absence or presence is irrelevant to the issue of culpability. It could not demonstrate that when he shotgunned his grandparents Sanders lacked the specific intent to kill them. It only demonstrates that he was enraged when he did.
Sanders' real argument is that evidence which shows that he acted impulsively, out of rage, is relevant to prove that he did not act with prior calculation and design. We do not agree. Impulsiveness in that context is no different from the "irresistible impulse" test for insanity, which focuses on volition or control. Ohio rejected that standard when it adopted R.C. 2901.01(A)14), which limits the insanity defense to impairment of the cognitive function resulting from a severe mental disease or defect. State v. Wilcox, supra, rejectedevidence offered to show a lack of volition or control as a"halfway measure" unavailable to a defendant who "may present ameaningful insanity defense in a proper case." Id., at p. 188.Wilcox likewise involved expert psychiatric evidence that adefendant wished to offer to show how an organic brain syndromeprevented him from forming the specific intent that AggravatedMurder requires. We can find no basis in this regard to vary fromthe rule of Wilcox.
In his Second Assignment of Error, Sanders makes this same argument in relation to the charge which the court gave on the offense of Voluntary Manslaughter, R.C. 2903.03, which is an inferior degree of Aggravated Murder. State v. Tyler (1990),50 Ohio St.3d 24. The court instructed the jury on Voluntary Manslaughter as a lesser-included offense of Aggravated Murder.
Voluntary Manslaughter is proscribed and defined by R.C.2903.03(A), which states:
 No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly cause the death of another or the unlawful termination of another's pregnancy.
An act committed under extreme emotional distress for purposes of R.C. 2903.03(A) is one performed under the influence of sudden passion or in the heat of blood, without time and opportunity for reflection or for passion to cool.State v. Muscatello (1978), 55 Ohio St.2d 201. It does notembrace a calculated homicide, because extreme emotionaldistress brought on by provocation caused not only thekilling but the laying of plans to kill. State v. Pierce
(1980), 64 Ohio St.2d 281.
Severe emotional distress, standing alone, does not warrant a charge of Voluntary Manslaughter. The statute sets up a cause-and-effect relationship between serious provocation and the stress that results. Therefore, there must be evidence of objectively sufficient provocation by the victim to warrant the charge. State v. Shane (1992), 63 Ohio St.3d 630. Generally,words alone will not suffice. Id.
Because the court instructed the jury that it could convict Sanders of Voluntary Manslaughter, Sanders was entitled to offer evidence to prove that he acted in a sudden fit of rage when he shot his grandparents. The evidence he wished to offer was admissible for that purpose, and the trial court abused its discretion when it excluded the evidence. However, the error is harmless beyond a reasonable doubt because the instruction was improperly given.
There was no evidence of objectively serious provocation on the part of Sanders' grandparents to warrant the Voluntary Manslaughter charge. They merely ordered Sanders to leave their home, and those words alone were insufficient to constitute serious provocation. Absent that prior serious provocation, it is immaterial that what the victims did in fact provoked Sanders to a fit of rage which caused him to act as he did.
The assignments of error are overruled. The judgment of the trial court will be affirmed.
 ______________________ GRADY, P.J.
BROGAN, J. and WOLFF, J., concur.