THE STATE OF OHIO, APPELLEE, *v.* GATEWOOD, APPELLANT.

(Nos. C-830509 and -830540— Decided March 28, 1984.)

Mr. Arthur M. Ney, Jr., prosecuting attorney, Mr. Bruce S. Garry and Ms. Judith A. Anton, for appellee.

Mr. Jack C. Rubenstein, for appellant.

Per Curiam. These two causes came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County, Ohio. The causes, consolidated for purposes of appeal, raise a common issue.

The solitary (verbatim) assignment of error follows:

"The trial court's ruling refusing to allow defendant-appellant's statement into evidence unless defendant-appellant testified was in error in that the statement was properly admissible as a declaration against interest offered for the purpose of rebutting the credibility of the prosecution's witness and its exclusion forced defendant-appellant to testify."

The assignment not only challenges the trial court's ruling disallowing into evidence a certain statement allegedly made by the defendant-appellant, Isiah R. Gatewood, to the police, but additionally seeks to impute error to the court below in forcing Gatewood to testify when he elected not to do so. We have pondered over the assignment and find that its true thrust is a remonstration against the ruling below not allowing into evidence Gatewood's statement to the police. Notwithstanding the claim in the assignment, the trial court did not force Gatewood to testify. His decision to do so may have resulted from the court's ruling on the proffered statement, a ruling which may have been correct or erroneous; but it is the court's ruling on the admissibility of the evidence which is before us for testing,

not Gatewood's independent decision to testify.

Appellant was arrested February 10, 1983 and charged with aggravated murder (R.C. 2903.01) in connection with the death of Clarence East. A jury found him guilty of involuntary manslaughter and he was subsequently sentenced to the Ohio Penitentiary as appears of record. Appellant's cousin, Antonio Gatewood, was also indicted for the same crime; he pleaded guilty to a murder charge. Appellant's girlfriend, Elizabeth Ann Hendley, gave certain testimony directly incriminating him. In the defense posture of the trial appellant attempted through the testimony of a Cincinnati police specialist to introduce statements[1] which he, appellant, made to the police, professedly declarations against appellant's interest. The statement, or statements, implicated Antonio Gatewood, and explained that appellant witnessed the murder but stood against a wall in the pool hall during the entire attack. Ultimately the jury heard the exculpatory recorded statement of appellant but not until after appellant himself had testified. The trial court would not countenance presentation of the appellant's recorded statement to the jury unless and until appellant took the stand.

We would be less than candid were we not to acknowledge a measure of novelty in the trial scenario before us. Appellant decided initially not to take the stand. The fact that he had a prior criminal record may explain this inclination. Regardless, he attempted to have introduced into evidence during the defense posture of his trial a recorded statement which he had made to the police which tended to exculpate him from involvement in the homicide. We

---

[1] We refer somewhat interchangeably to the appellant's statement or statements. The practice is inconsequential; appellant did in fact give the police an oral statement followed by a recorded one. Eventually the jury heard both.

have examined that recorded statement which, as indicated, eventually was received after appellant testified. Appellant's recorded statement to the police cannot reasonably or logically be considered to be against his interest. Rather it is in essence a self-serving explanation of his connection with the crime. Coming as it did during the defense, it is strange because it borders on an attempt to introduce a self-serving affidavit during trial, which of course clearly is inadmissible under the circumstances. If appellant wanted the exculpatory material brought before the jury he could not do so through the mouth of another, thereby obviating the possibility of cross-examination.

Appellant claims that his story to the police, alleging his lack of guilt, should have been admitted pursuant to Evid. R. 804. The rule simply is inapplicable to the instant matter. Evid. R. 804 applies to hearsay exceptions with respect to testimony of *witnesses.* Appellant's role is not that of a mere witness; he is clearly the main party in the litigation. He relies particularly upon Evid. R. 804(B)(3), statement against interest. The Staff Notes to Evid. R. 804(B)(3) explain:

"The declaration against interest applies to statements of persons other than parties to the action and should be distinguished from statements of parties to the action [here, appellant Gatewood]. The out-of-court statement of a party opponent in the action is an admission, not a declaration against interest. *An admission of a party opponent is governed by Rule 801(D)(2) * * *.*" (Emphasis added.)

The Staff Notes to Evid. R. 801(D)(2)(a), treating the subject of a party's own statement, specify positively that "a party may not introduce his own statement under this rule." The Staff Notes go on to explain that the statement of a party opponent (appellant Gatewood) must be offered by the opposing party (here, the state). The state did not attempt to introduce the statement which appellant gave to the police, but in fact objected to its admission both before the appellant took the stand as well as afterward. We note parenthetically that although the issue is not before us there seems to have been no justification whatsoever for the trial court to have admitted appellant's recorded statement given to the police, offered as it was by the defense. The court allowed it to be presented to the jury over the state's objections.

The particular challenged ruling of the court refusing to allow appellant's recorded statement during the course of defense was not error. Resultantly, the assignment of error does not avail. We affirm.

*Judgment affirmed.*

KEEFE, P.J., SHANNON and KLUSMEIER, JJ., concur.