[Cite as *State v. McCrary*, 2011-Ohio-1736.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                                      :
                                                  :       Appellate Case No. 23932
            Plaintiff-Appellee                    :
                                                  :       Trial Court Case No. 08-CR-3580/2
v.                                                :
                                                  :
GREGORY McCRARY                                   :       (Criminal Appeal from
                                                  :        Common Pleas Court)
            Defendant-Appellant          :
                                                  :
                          . . . . . . . . . . .

                          O P I N I O N

                 Rendered on the 8th day of April, 2011.

                          . . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery
County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O.
Box 972, 301 West Third Street, Dayton, Ohio 45422
            Attorney for Plaintiff-Appellee

GREGORY McCRARY, #597-534, Madison Correctional Institution, Post Office Box 740,
London, Ohio 43140
            Defendant-Appellant, *pro se*

                          . . . . . . . . . . . . .

BROGAN, J.

        {¶ 1}   Gregory McCrary appeals from the trial court's denial of his post-conviction

petition without providing him an evidentiary hearing.   We affirmed McCrary's conviction of

aggravated robbery with a firearm specification on May 7, 2010.   We also denied his motion

to reopen his appeal on December 3, 2010.

{¶ 2}    The facts underlying McCrary's conviction are set out in our appellate opinion and are as follows:

{¶ 3}    "The facts of the instant case arise from an incident which occurred at approximately 2:00 p.m. on September 6, 2008, when two black males entered a BP gas station located at 5835 North Main Street in Harrison Township, in Montgomery County, Ohio.  The two men were both wearing pantyhose over their heads, apparently in order to disguise their appearances.  One of the men was also brandishing a small handgun which he pointed at the head of the store owner, Ehab Husein, immediately upon entering the store.  Husein testified that the man who pointed the gun at him during the robbery smelled very bad.  The armed man demanded all of the money in the register.  Husien testified that he opened up the register, and the man with the handgun took $176.00.  Husien testified that while the robbery was going on, he was able to see the men's faces because the masks they wore were transparent.

{¶ 4}    "After emptying the cash register, the men ordered Husein to open the store's safe located behind the register.  Husein testified that he told the men that the key to the safe was in the store office.  The armed man ordered Husein to get the key from the office.  The men, however, were unaware that Husein kept his German Shepherd dog in the office.  When Husein opened the door to the office, the dog got loose and chased both men out of the store into the parking lot of the gas station.  As he followed the men outside, Husein picked up his cell phone and called 911.

{¶ 5}    "Once outside, Husein observed a red pick-up truck leaving the gas station

parking lot. The truck stopped as it pulled into the street, and one of the suspects entered the passenger side of the vehicle, while the other man jumped in the bed of the truck and laid down. Before the truck pulled away from the gas station, Husein was able to observe the vehicle's license plate number, which he promptly relayed to the 911 dispatcher.

{¶ 6} "As the men were pulling away from the gas station, they almost ran into a red Hummer H2 driven by Keith Moore, who happened to be traveling in that area at the time of the robbery. Keith's wife, Tonya Moore, was also present as a passenger in the vehicle. Tonya testified that the red pick-up truck almost backed into their vehicle as it pulled out of the parking lot. Just before the suspects drove away at a high rate of speed, Tonya testified that she was able to closely observe the suspect who jumped in the bed of the truck. Realizing that something was wrong, the Moores decided to follow the men in the red truck in order to help the police locate them.

{¶ 7} "The Moores followed the truck for approximately fifteen minutes, during which time they stayed in constant communication with the police dispatch regarding the suspects' location. At some point, the suspects pulled into the parking lot of a woodworking store, drove to the back of the lot, and did not move. Tonya testified that her husband stopped their vehicle at the entrance of the lot. Tonya further testified that from this position, she could still see the truck, but not what the men inside of the truck were doing.

{¶ 8} "The suspects eventually pulled out of the parking lot and drove away. The Moores continued following them, but Tonya testified that the man who had been in the bed of the truck was no longer there. Tonya testified that she assumed that the man had jumped out when the truck was stopped at the woodworking store. Just before the remaining suspects

were about to turn onto Salem Avenue, the Moores observed a police cruiser driven by Officer Ronald Smith of the Trotwood Police Department across the street apparently waiting to intercept the red truck and its occupants. The Moores abandoned the chase, and Officer Smith activated his overhead lights and pulled the red truck over shortly thereafter. The truck's license plate number matched the number provided by dispatch. Upon approaching the vehicle, Officer Smith observed a third individual sit up in between the driver and the man in the passenger seat. After backup arrived, Officer Smith and the other police officers removed the men from the truck, handcuffed them, and took them into custody. The driver of the red truck was identified as co-defendant Charlie Cooper. The man in the passenger seat was identified as co-defendant Harold Hubbard. The man who sat up in the middle of the seat after the truck had been stopped was identified as the defendant, McCrary. The police recovered $176.00 from Hubbard's pocket. Hubbard stated that he had won the money playing dice or craps.

{¶ 9} "After the suspects were arrested, deputies brought Husein and the Moores back to the scene and asked them if they could identify the men. Husein identified McCrary and Hubbard as the two men who robbed him at gunpoint, but he stated that he had never seen Cooper before. The Moores identified McCrary as the man they observed who jumped into the bed of the truck. Tonya testified that McCrary had changed his shirt after the robbery and before being pulled over. Neither Keith nor Tonya, however, could identify Cooper or Hubbard. A subsequent search of the red truck revealed pieces of black nylon pantyhose which had been cut at both ends. The gun allegedly used in the robbery was not recovered. We note that Detective Robert Schumacher testified that he noticed a foul odor emanating

from McCrary when he was interviewed at the police station. This is significant for identification purposes since Husein noted that the armed suspect smelled badly.

{¶ 10} "McCrary, Cooper, and Hubbard were subsequently charged by indictment with one count of aggravated robbery on October 7, 2008. On October 17, 2008, the State filed a second indictment, adding a firearm specification. On October 14, 2008 McCrary filed a motion to suppress the identifications made by Husein and the Moores. After a hearing held on November 21, 2008, December 1, 2008, and December 5, 2008, the trial court issued a written decision in which it overruled McCrary's suppression motion.

{¶ 11} "On January 15, 2009, McCrary filed a motion to sever his case from that of his co-defendants for trial purposes. It is apparent from the record that the court never ruled on the motion to sever, and McCrary was tried before a jury along with his co-defendants, Hubbard and Cooper. On March 20, 2009, McCrary and Hubbard were both found guilty of aggravated robbery with the firearm specification. As to Cooper, the jury was unable to reach a verdict, and the court granted him a mistrial. On March 25, 2009, the court sentenced McCrary to ten years for aggravated robbery, as well as three years for the firearm specification. The court ordered that the sentences be served consecutively for an aggregate sentence of thirteen years." *State v. McCrary*, Montgomery App. No. 23360, 2010-Ohio-2011, ¶ 2-10.

{¶ 12} In two related assignments of error, McCrary argues that his trial counsel denied him the effective assistance of counsel.

{¶ 13} In his petition, McCrary contended that his court-appointed lawyer was constitutionally ineffective because he failed to present his defense to the jury. Specifically,

McCrary argues that his trial counsel should have presented the exculpatory statement he gave to Montgomery County Sheriff's Deputy Robert Schumacher. In that statement, McCrary denied committing the robbery. He told Schumacher that co-defendant, Harold Hubbard, came to his girlfriend's apartment at 10:00 a.m. on the day of the robbery in a maroon truck driven by a man he did not know. McCrary stated Hubbard left shortly thereafter in the truck driven by the unknown male. McCrary told Schumacher that Hubbard called him around 1325 hours and told him to meet him at the old red barn on Shiloh Springs and he would give him forty dollars toward an old drug debt. McCrary said he met Hubbard and the unknown man in the maroon truck, but a third dark-skinned black male was getting out of the truck holding something covered by his shirt. McCrary said he then left in the truck with Hubbard and the driver and was then stopped by the police.

{¶ 14} McCrary complains that his trial counsel was ineffective by expressing a personal opinion in closing argument that "was the opposite of the planned defense." Counsel's argument of which he complains is the following:

{¶ 15} "Mr. Amos talked about the car. And how Mr. McCrary got in the center. I think Mr. McCrary may have been in the center in the beginning. Because for Mr. McCrary to get in the center, like Mr. Amos wants him to be – and that's where he's found. Don't – I'm not – don't try to –

{¶ 16} "But if he's the one in the back of the truck – logic. The car's got to stop, Mr. Hubbard's got to get out, Mr. McCrary's got to get in, and then Mr. Hubbard's got to get in. I, I, I didn't hear that testimony." (Tr. 708, emphasis added).

{¶ 17} McCrary complains that his counsel's argument contradicted the statement

McCrary gave to the police, to-wit, that he did not go to the BP gas station in the company of Cooper and Hubbard.

{¶ 18} The State, for its part, argues the trial court properly granted the State's summary judgment motion because McCrary's statement to Deputy Schumacher was inadmissible hearsay. We agree that this statement was not admissible. See *State v. Gatewood* (1985), 15 Ohio App.3d 14. The State also argues that counsel's statement in argument was not harmful because it emphasized that McCrary could not have been the suspect who was seen by the victim jumping into the bed of the truck because he was in the center of the truck cab all the time. Based on the admissible evidence, counsel's argument served a coherent trial strategy.

{¶ 19} A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland v. Washington*, 466 U.S. 668 (1984). General conclusory allegations that a defendant has been denied the effective assistance of counsel are inadequate to require a trial court to provide the petitioner an evidentiary hearing. *State v. Jackson* (1980), 64 Ohio St.2d 107, 112. The appellant's two assignments of error are Overruled.

{¶ 20} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and FROELICH, J., concur

(Hon. James A. Brogan, retired from the Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Gregory McCrary
Hon. Mary K. Huffman