[Cite as *State v. Cuthbert*, 2012-Ohio-4472.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                      :      JUDGES:
                                   :
                                   :      Hon. Patricia A. Delaney, P.J.
          Plaintiff-Appellee       :      Hon. John W. Wise, J.
                                   :      Hon. Julie A. Edwards, J.
-vs-                               :
                                   :      Case No. 11CAA070065
DEWITT A. CUTHBERT                 :
                                   :
                                   :
          Defendant-Appellant      :      O P I N I O N


CHARACTER OF PROCEEDING:          Appeal from the Delaware County Court of
                                  Common Pleas, Case No. 10 CRI-12-
                                  0608A


JUDGMENT:                         AFFIRMED


DATE OF JUDGMENT ENTRY:           September 28, 2012


APPEARANCES:

For Appellant:                              For Appellee:

ANTHONY M. HEALD                            CAROL HAMILTON O'BRIEN
125 N. Sandusky St.                         DELAWARE COUNTY PROSECUTOR
Delaware, OH 43015                          KYLE ROHRER
                                            140 N. Sandusky St., 3rd Floor
                                            Delaware, OH 43015

*Delaney, J.*

{¶1}   Appellant Dewitt A. Cuthbert appeals from the judgment entry of the Delaware County Court of Common Pleas convicting him of three counts of rape and one count of kidnapping and sentencing him to an aggregate prison term of seven years.  Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶2}   This case arose on June 17, 2009 in the city of Delaware, Ohio, at the apartment appellant shared with M.R.  Appellant and M.R. were in a dating relationship and lived together from February, 2009 through June, 2009.  M.R.'s minor son E. and E.'s half-sister J.S. also lived at the apartment.

{¶3}   On the evening of June 17, M.R. went upstairs to finish some homework for her college class.  Appellant briefly interrupted her and complained he was angry she was on the computer instead of spending time with him.  Appellant went back downstairs and M.R. continued to work in the bedroom.

{¶4}   About twenty minutes later appellant came back into the room and said he wanted to have sex with M.R.  She rolled her eyes and said something to the effect of "let's get it over with."  Appellant got mad, yelled an obscenity at M.R., and again left the room.  M.R. finished her assignment and went to bed.

{¶5}   M.R. fell asleep but awoke to find appellant forcing her into an act of fellatio.  Appellant then penetrated M.R. vaginally and anally while yelling obscenities and holding her by the hair.  M.R. pleaded with appellant to stop but he did not.  After he completed the sex acts, appellant went into the bathroom and M.R. remained in the

bed, crying.  Appellant said to her, "How does it feel to be treated like a piece of [expletive]?"

{¶6}  M.R. went downstairs, intending to leave the house.  J.S. heard appellant and M.R. arguing and came up from the basement to ask what was wrong.  Appellant said it was none of her business and told her to go back downstairs.  J.S. later testified she didn't know what appellant and M.R. argued about, but she knew M.R. went into the bathroom and vomited, and J.S. sat with her on the couch until she fell asleep.

{¶7}  June 18 passed without incident.  On June 19, appellant went to work and M.R. picked him up afterward.  They argued on the way home, and M.R. confronted appellant about the rapes.  He said she was blowing it out of proportion and he couldn't take it back.  During the argument, appellant stated "You don't know what rape is but you're about to find out."  Eventually the police were called, but upon their arrival appellant was already gone.

{¶8}  In the course of the investigation of the June 19 incident, M.R. told Sgt. Shellito of the Delaware City Police Department about the rape two days earlier, but also stated she didn't want to pursue criminal charges at that time.

{¶9}  Shellito followed up on M.R.'s allegations and interviewed appellant. Appellant agreed with M.R.'s account of the sexual acts that occurred, but claimed the acts were consensual.

{¶10} M.R. and appellant ended their relationship.  People who knew M.R. said she changed in the aftermath of the rapes and became withdrawn and depressed. M.R. began attending counseling.

{¶11} In the fall of 2010, M.R. spoke with Detective Christina Burke of the Delaware County Sheriff's Office and told her about the rapes. At that point, M.R. was ready to pursue criminal charges.

{¶12} Appellant was charged by indictment with three counts of rape pursuant to R.C. 2907.02(A)(2) and one count of kidnapping pursuant to R.C. 2905.01(A)(4).[1] Appellant entered pleas of not guilty and the case proceeded to jury trial. Appellant moved for acquittal pursuant to Crim.R. 29 at the close of appellee's evidence and at the close of all of the evidence.

{¶13} Appellant was found guilty as charged. The trial court ruled that Count Four, kidnapping, merged with Counts One through Three (three counts of rape), and that Counts Two and Three (both rape) merged for sentencing. Appellee elected to sentence on Count One, rape, and Count Two, rape. The trial court sentenced appellant to an aggregate prison term of seven years and found him to be a Tier III sex offender.

{¶14} Appellant now appeals from the judgment entry of conviction and sentence.

{¶15} Appellant raises seven Assignments of Error:

{¶16} "I. THE JURY'S GUILTY VERDICTS ON COUNTS ONE, TWO, THREE AND FOUR WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT THE TRIAL OF THIS MATTER."

---

[1] Appellant was also charged by indictment with a fourth count of rape against a different victim. This count was severed from the others for trial and is not at issue in this appeal.

{¶17} "II.  THE COURT COMMITTED PREJUDICIAL ERROR OVERRULING THE DEFENDANT'S MOTION FOR A MISTRIAL DUE TO PROSECUTORIAL MISCONDUCT."

{¶18} "III.  THE DEFENDANT WAS DENIED DUE PROCESS OF LAW AND A FAIR TRIAL IN VIOLATION OF THE DEFENDANT'S FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION."

{¶19} "IV.   THE COURT COMMITTED REVERSABLE (*sic*) ERROR IN FINDING THAT THE RAPE CONVICTIONS SHOULD NOT MERGE AND IN IMPOSING CONSECUTIVE SENTENCES ON THOSE COUNTS."

{¶20} "V.  THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT PERMITTED THE STATE OF OHIO TO PRESENT A PORTION OF A TAPE RECORDING WITHOUT REQUIRING, UPON REQUEST BY THE DEFENDANT, THAT THE BALANCE OF THE TAPE BE PLAYED."

{¶21} "VI.  THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT PREVENTED THE DEFENDANT FROM ASKING QUESTIONS REGARDING EXCULPATORY STATEMENTS MADE TO OFFICER SHELLITO."

{¶22} "VII.   THE COURT COMMITTED PREJUDICIAL ERROR IN PREVENTING RELEVANT CROSS EXAMINATION OF MATTERS RELATING TO THE ISSUE OF CONSENT."

I.

{¶23} Appellant argues in his first assignment of error his convictions for three counts of rape and one count of kidnapping are against the manifest weight and sufficiency of the evidence.

{¶24} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶25} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, at 387, 678 N.E.2d 541. Reversing a conviction as being against the manifest weight of

the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶26} Appellant was convicted of three counts of rape pursuant to R.C. 2907.02(A)(2), which states: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." Count one was for the act of fellatio, count two for the act of digital anal penetration, and count three for the act of penile vaginal penetration. Appellant was also convicted of one count of kidnapping pursuant to R.C. 2905.01(A)(4), which states in pertinent part, "No person, by force, threat, or deception, * * * shall remove another from the place where the other person is found or restrain the liberty of the other person * * * to engage in sexual activity, as defined in section 2907.02 of the Revised Code, with the victim against the victim's will."

{¶27} Appellant's argument is premised upon his assertion the testimony of appellee's witnesses was not credible. Appellant also argues the jury lost its way because evidence was presented that appellant and M.R. had an otherwise untroubled relationship, M.R. did not immediately call the police, and the sexual assault in the bedroom did not awaken E. who was sleeping next door.

{¶28} In the present case, M.R. testified in detail as to the sexual acts committed by appellant and the acts were not consensual. Moreover, we also are mindful that "[c]orroboration of victim testimony in rape cases is not required." *State v. Johnson*, 112 Ohio St.3d 210-217, 2006-Ohio-6404 at ¶ 53.

{¶29} Upon review of the entire record, we are not convinced the jury lost its way and we find sufficient evidence, if believed, to support the findings of guilt. We further find no manifest miscarriage of justice.

{¶30} Appellant's first assignment of error is overruled.

II., III.

{¶31} Appellant's second and third assignments of error are related and will be considered together. First, appellant asserts appellee repeatedly committed prosecutorial misconduct and the trial court should have granted a mistrial; he further alleges he was therefore deprived of due process and a fair trial in violation of the 5th, 6th, and 14th Amendments of the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution.

{¶32} The test for prosecutorial misconduct is whether the prosecutor's remarks and comments were improper and if so, whether those remarks and comments prejudicially affected the substantial rights of the accused. *State v. Lott*, 51 Ohio St.3d 160, 555 N.E.2d 293 (1990), cert. denied, 498 U.S. 1017, 111 S.Ct. 591, 112 L.Ed.2d 596 (1990). In reviewing allegations of prosecutorial misconduct, we must review the complained-of conduct in the context of the entire trial. *Darden v. Wainwright*, 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986).

{¶33} Complaints of prosecutorial misconduct are often raised in the context of the closing argument, but the question of "how far is too far" is to be judged by the circumstances of the particular case:

[T]he prosecutor may not invite the jury to judge the case upon standards or grounds other than the evidence or the law of the case. Thus, he cannot

inflame the passion and prejudice of the jury by appealing to the community abhorrence or expectations with respect to crime in general, or crime of the specific type involved in the case. *United States v. Solivan*, 937 F.2d 1146 (C.A.6, 1991).

The prosecutor is not only entitled, he is encouraged to advocate strongly, even vehemently, for conviction. But while he may strike hard blows, the prosecutor is not at liberty to strike foul ones. *Berger v. United States*, 295 U.S. 78, 55 S.Ct.629, 79 L.Ed. 1314 (1935).

The prosecutor's conduct should always be judged within the context of the whole case, and most particularly, the whole argument.

We turn now to the consequences of overstepping by the prosecutor. The trial of the case is under the control of the trial judge, who must monitor the proceedings as they develop, and control the conduct of both counsel. Because the trial judge is present and sees and hears all that goes on, great deference should be accorded to his judgment as to how to handle these issues.

When misconduct occurs, the trial judge should admonish the prosecutor, and if the conduct is severe enough, admonish him within the presence of the jury. He should instruct the jury to disregard the prosecutor's statements only if requested by defense counsel. *State v. Harcourt*, 46 Ohio App.3d 52, 546 N.E.2d 214 (1988). If appellant moves for a mistrial, the court should overrule the motion only if satisfied that the conduct will not result in a miscarriage of justice, considering the curative steps taken by the court. * * * *.

When reviewed by the appellate court, we should examine the climate and conduct of the entire trial, and reverse the trial court's decision as to whether to grant a mistrial only for a gross abuse of discretion. See *State v. Maurer*, 15 Ohio At.3d 239, 473 N.E.2d 768 (1984), cert.denied, 472 U.S. 1012, 105 S.Ct. 2714, 86 L.Ed.2d 728 (1985).

*State v. Draughn*, 76 Ohio App.3d 664, 671, 602 N.E.2d 790 (5th Dist.1992).

{¶34} Appellant complains of a number of statements by appellee in closing argument, directing us first to the following statement which was interrupted *sua sponte* by the trial court. While appellant did not object to the first statement by appellee, the comment is best evaluated in the context of the ensuing remarks, objections, and motion for mistrial:

**[PROSECUTOR]**: * * * *. YOU ARE GOING TO GO IN THAT ROOM, AND I WOULD SUBMIT TO YOU FOLKS THAT'S WHEN YOUR JOB REALLY BEGINS, BECAUSE THE ULTIMATE TEST YOU HAVE, YOUR SERVICE AS JURORS, WILL NOT BE THAT YOU SAT HERE AND LISTENED TO WITNESSES AND LISTENED TO LAWYERS BABBLE FOR TWO AND A HALF DAYS, THE TRUE TEST IS THE JURY SERVICE, IT WILL BE THE QUALITY OF THE VERDICT THE JURY WILL RENDER. WHETHER THIS VERDICT SPEAKS FOR JUSTICE, WHETHER THIS VERDICT—

**THE COURT**: MR. ROHRER, AS LONG AS THEIR VERDICT IS BASED UPON THE FACTS AND THE LAW AS I WILL GIVE IT TO THEM IT IS A PROPER VERDICT. NO ONE QUESTIONS THAT VERDICT. LET'S GET ON TO SOMETHING ELSE.

**[PROSECUTOR]**: WHETHER YOUR VERDICT SPEAKS FOR THE TRUTH—

**THE COURT**: MR. ROHRER, I JUST TOLD YOU, IF THEIR VERDICT IS GUILTY, IF THEIR VERDICT IS NOT GUILTY, AS LONG AS IT WAS BASED UPON THE FACTS AND THE LAW OF THE OHIO (*sic*), IT SPEAKS FOR THE TRUTH. YOU UNDERSTAND? SO THIS SUBJECT MATTER IS CLOSED, NO MORE SIR.

{¶35} Later, appellee continued:

**[PROSECUTOR]**: THIS IS A YES OR A NO. IF SHE IS TELLING THE TRUTH THIS IS RAPE. THERE ISN'T ANY MISTAKE IN THIS CASE, THERE ISN'T ANY WELL, MAYBE THIS WAS CONSENSUAL. ONE WITNESS. AGAIN, THE JUDGE WILL INSTRUCT YOU AND GO BY THE JUDGE'S INSTRUCTIONS AND NOT BY WHAT WE SAY THE INSTRUCTIONS ARE, THE INSTRUCTIONS ON ONE WITNESS, THE TESTIMONY, IF YOU BELIEVE IT IS SUFFICIENT TO PROVE ANY FACT, AND THE STATE WOULD SUBMIT TO YOU THAT SINCE THERE ARE ONLY TWO PEOPLE IN THIS ROOM, AND YOU ONLY HEARD FROM ONE, [M.R.], WHO IS ONE—

{¶36} Appellant objected immediately and moved for a mistrial. The trial court discussed the matter with the parties at sidebar, during which the following exchange took place:

**[PROSECUTOR]**: I WOULD ALSO LIKE TO PROFFER THIS POINT TO THE COURT, MR. HEALD, IN CLOSING ARGUMENT, HE WENT TO GREAT LENGTHS ABOUT HOW HE CAN DISPROVE MAYBE A NEGATIVE, HE VERY MUCH WENT INTO THE FACT THAT HIS CLIENT DIDN'T TESTIFY.

**THE COURT**:  NO.

**[DEFENSE TRIAL COUNSEL]**:  I DIDN'T SAY THAT.

**THE COURT**:  HE DID NOT DO THAT.

{¶37} The trial court then excused the jury to further discuss the pending motion for a mistrial.  The trial court took issue with the prosecutor's statements and the prosecutor defended himself:

**THE COURT**:  MR. ROHRER, I STOPPED YOU IN FINAL ARGUMENT, YOU TRIED TO INFER TO THE JURY THAT ANY FINDING OF NOT GUILTY WOULD BE AN IMPROPER VERDICT.  THAT OBVIOUSLY IS IMPROPER. IT'S IMPROPER TO COMMENT ON THE FACT THAT THE DEFENDANT DID OR DID NOT TESTIFY.

* * * *.

**THE COURT**:  YOU STRENUOUSLY OBJECT?  ALL YOU WANT—IT'S KIND OF OBVIOUS TO THE COURT SITTING HERE, THAT THIS IS WHAT IS HAPPENING.  THE COURT DOES NOT APPRECIATE THAT.  THIS IS SUPPOSE (*sic*) TO BE A FAIR COURTROOM.  YOU ALL KNOW WHAT THE RULES ARE.  WE KNOW DEFINITELY WHAT THE RULES ARE.  IN MY 30 YEARS I HAVE NEVER HEARD ANYONE INFER THAT A JUST VERDICT WOULD NOT BE A VERDICT, NOT BE JUSTIFIED.  I SAID I NEVER HEARD THAT.  YOU'RE PUSHING THE LIMITS, AND I DON'T APPRECIATE IT, SIR.

* * * *.

{¶38} Defense trial counsel argued a curative instruction would not be sufficient.  The trial court brought the jury back in and made the following instruction:

\* \* \* \*.

LADIES AND GENTLEMEN, I WANT TO READ YOU SOMETHING THAT IS VERY FUNDAMENTAL IN OUR SYSTEM OF JURISPRUDENCE, JUST IN A CRIMINAL CASE: IF (*sic*) IS NOT NECESSARY THAT THE DEFENDANT TAKE THE WITNESS STAND IN HIS OWN DEFENSE. HE HAS A CONSTITUTIONAL RIGHT NOT TO TESTIFY. THE FACT THAT THIS DEFENDANT DID NOT TESTIFY MUST NOT AND CAN NOT (*SIC*) BE CONSIDERED BY YOU FOR ANY PURPOSE WHATSOEVER, NOR MAY YOU DRAW ANY INFERENCE UPON THE FACT THAT HE DID NOT TESTIFY. IT IS IMPROPER FOR COUNSEL TO COMMENT ON THIS CONSTITUTIONAL RIGHT.

{¶39} The comments that first provoked a reprimand by the trial court, in terms of the jury returning a verdict "for justice," could motivate the jury to weigh the case upon standards other than the evidence presented and the law. In the context of the entire argument, however, and due largely to the fact that the trial court shut down the argument almost immediately, we find the comments did not prejudice the ultimate outcome of the case, and the trial court's instruction was sufficient to cure any misdirection the jury may have inferred from the prosecutor's comments.

{¶40} More troubling is appellant's second example of prosecutorial overreaching, an unambiguous comment upon appellant's decision not to testify.

{¶41} The Ohio Supreme Court has noted comments by prosecutors on defendants' post-arrest silence or decision not to testify are looked upon with "extreme disfavor" because they raise an inference of guilt and essentially penalize the

defendant for exercising a constitutional right. *State v. Thompson*, 33 Ohio St.3d 1, 4, 514 N.E.2d 407 (1987). Where such comments "work to the material prejudice of the defendant, they will not be tolerated." Id., citing *Wainwright v. Greenfield*, 474 U.S. 284, 106 S.Ct. 634, 88 L.Ed.2d 623 (1976); *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 46 L.Ed.2d 91 (1976).

{¶42} Even where such comments are improper, however, the Court noted "the defendant's conviction may be affirmed, provided that the comments regarding the defendant's silence are found to be harmless beyond a reasonable doubt." *Thompson*, supra, 33 Ohio St.3d at 4, citing *Chapman v. California*, 386 U.S. 18, 87 S.Ct.824, 17 L.Ed.2d 705 (1967); *United States v. Hasting*, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983). The question is whether it is clear beyond a reasonable doubt that the jury would have found the appellant guilty absent the prosecutor's comments. Id., citing *State v. Smith*, 14 Ohio St.3d 13, 15, 470 N.E.2d 883 (1984).

{¶43} In the instant case, we find the comments, while improper, were harmless beyond a reasonable doubt, thanks largely to the prompt objection and curative instruction by the trial court. Despite the prosecutor's comments, we find, beyond a reasonable doubt, the appellant would still have been found guilty of the same charges. As addressed in our discussion of the first assignment of error, the evidence presented was sufficient for the jury to find appellant guilty.

{¶44} Viewing the statements in the context of the entire trial, combined with the immediate objections and curative instruction, with the totality of evidence supporting a finding of appellant's guilt, we cannot find appellant's rights were substantially prejudiced and he did not receive a fair trial. See, *State v. Freeman*, 5th

Dist. No. 2006CA00388, 2007-Ohio-6270; *State v. Dunn*, 5th Dist. No. 2008-CA-00137, 2009-Ohio-1688; *State v. Graber*, 5th Dist. No. 2002CA00014, 2003-Ohio-137.

{¶45} Appellant has not demonstrated that but for the improper comments, the outcome of the trial would have been different, or that appellant was denied due process of law. Accordingly, appellant's second and third assignments of error are overruled.

IV.

{¶46} In his fourth assignment of error, appellant argues all three rape convictions should have merged for purposes of sentencing.

{¶47} Appellant was convicted of three separate counts of rape for three distinct acts of sexual assault. However, the trial court merged two counts of rape (Counts Two [digital/anal] and Three [penile/vaginal]) and merged the kidnapping count with all three rape counts.

{¶48} In its sentencing entry, the trial court stated: "…the Court finds based upon the testimony that Count One the act of fellatio is a separate and distinct act to the criminal charge in Count Two and Count Three but the Court finds that the charges of Rape charged in Count Two and Three do merge and the Defendant may be sentenced on either Count Two or Count Three but not on both. The State then elected to proceed with sentencing on Count Two not Count Three."

{¶49} In *State v. Johnson*, the Ohio Supreme Court attempted to clarify whether offenses are subject to merger. 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. Pursuant to *Johnson,* "[i]f the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by

the same conduct, i.e., 'a single act, committed with a single state of mind.' " *Id.* at ¶ 49, quoting *State v. Brown,* 119 Ohio St .3d 447, 2008–Ohio–4569, ¶ 50 (Lanzinger, J., concurring in judgment only). "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged." *Id.* at ¶ 50. The offenses will not merge, however, if "the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense." (Emphasis sic.) *Id.* at ¶ 51.

{¶50} In this case, appellant was convicted of multiple counts of rape for multiple, differentiated acts of forcible penetration.  Multiple rape offenses do not merge when a defendant commits them between "intervening acts." *State v. Jones,* 78 Ohio St.3d 12, 14 , 676 N.E.2d 80 (1997). Merger does not apply because the defendant has a separate specific intent to commit each rape, and the victim suffers a separate risk of harm from each rape. *State v. Davic*, 10th Dist. No. 11AP-555, 2012-Ohio-952, ¶ 16, appeal not allowed, 132 Ohio St.3d 1482, 2012-Ohio-3334, 971 N.E.2d 960, citing *State v. Hayes,* 10th Dist. No. 93AP–868 (Mar. 1, 1994).

{¶51} As in *Davic*, in the instant case "an intervening act separated each of appellant's multiple rapes" because he alternated between different types of penetration. "Each rape was, therefore, a separate offense being committed with a separate specific intent and causing separate harm to the victim."  Id. See also, *State v. Barnes*, 68 Ohio St.2d 13, 427 N.E.2d 517 (1981)(entry into two bodily orifices constitute two separate rape offenses).

{¶52} The trial court did not err in sentencing appellant on two separate counts of rape, and appellant's fourth assignment of error is overruled.

V.

{¶53} In his fifth assignment of error, appellant contends the trial court should not have permitted appellee to play only a portion of the tape of appellant's jail telephone call and should have played the balance of the recording.

{¶54} At trial, appellee presented evidence in the form of a CD of a telephone call of appellant from jail to his mother. Over objection appellee played a portion of this CD in which appellant instructed his mother to "get any dirt on [M.R.] that you can." Appellant argued the entire conversation should be played but appellee responded doing so would result in the admission of evidence otherwise inadmissible. The trial court listened to recording of the entire conversation outside of the presence of the jury, overruled appellant's objection, and instructed the jury "* * *the telephone conversation between the defendant and his mother * * *consists of 17.31 minutes. The part you heard is that part only, this part that the court has ruled is admissible.* * * *"

{¶55} Appellant cites Evid.R. 106, which provides: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which is otherwise admissible and which ought in fairness to be considered contemporaneously with it." The rule has been described as "merely a rule that concerns the timing of evidence that is otherwise admissible" which codifies the common-law "rule of completeness." *State v. Matthews*, 2nd Dist. No. 24233, 2011-Ohio-5066, ¶ 32, citing *Beech Aircraft Corp. v. Rainey* (1988), 488 U.S. 153, 172, 109 S.Ct. 439, 102 L.Ed.2d 445 and Staff Notes to Evid.R. 106. Under this rule, an

adverse party may introduce any other document or part thereof "when one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion." *Beech Aircraft,* at 172, citing 7 Wigmore, Evidence (Chadbourn Rev.1978) 653, Section 2113.

{¶56} It is not evident from the record what possible misunderstanding or distortion appellant complains of, and he argues to us only that the jury was "not allowed to hear or see the situation under which the portion of the conversation took place." Appellant's Brief, p. 17. Appellant fails to explain how he suffered any prejudice from the trial court's decision and we find no error.

{¶57} Appellant's fifth assignment of error is therefore overruled.

VI.

{¶58} In his sixth assignment of error, appellant argues the trial court erred in disallowing defense trial counsel to elicit from a police officer appellant's full statement to him; including portions appellant claims were helpful to his defense.

{¶59} First, we note appellant raises this alleged error without specifying what "exculpatory statement" the court should have allowed defense trial counsel to elicit. The witness had already blurted out that appellant claimed the sexual conduct was consensual, and there is no relevant proffer on page 336 as argued in appellant's brief.

{¶60} The trial court disallowed further admission of appellant's statement to another witness because such evidence is hearsay which falls within no exception to

the general rule against admissibility. See, *State v.* Watkins, 2 Ohio App.3d 402, 442 N.E.2d 478 (10th Dist.1981). It is well-established that self-serving statements by defendants, offered by the defense when a defendant does not testify, are not admissible. *State v. Gatewood*, 15 Ohio App.3d 14, 16, 472 N.E.2d 63 (1st Dist.1984). "If appellant wanted the exculpatory material brought before the jury he could not do so through the mouth of another, thereby obviating the possibility of cross-examination." Id.

{¶61} The trial court did not err in excluding appellant's full statement to the investigating officer, and appellant's sixth assignment of error is therefore overruled.

VII.

{¶62} In his seventh assignment of error, appellant contends the trial court erred in not permitting appellant "to elicit testimony relative to consent."

{¶63} Appellant's specific complaint in this assignment of error goes to his insistence that M.R. told an investigator she took her pants off prior to the sexual assault. Defense trial counsel asked the investigator whether M.R. told him she took her pants off, appellee objected, and the trial court sustained the objection.

{¶64} Upon cross-examination, appellant asked M.R. whether she told police she took her own pants off, and she responded that she didn't remember. Trial counsel wanted to then ask the officer on the stand whether M.R. did in fact tell him she took her pants off.

{¶65} The admission or exclusion of evidence is a matter left to the sound discretion of the trial court. *State v. Sage,* 31 Ohio St.3d 173, 180, 510 N.E.2d 343

(1987). Absent an abuse of discretion resulting in material prejudice to the defendant, a reviewing court should be reluctant to interfere with a trial court's decision in this regard. *State v. Hymore*, 9 Ohio St.2d 122, 128, 224 N.E.2d 126 (1967). Our task is to look at the totality of the circumstances and determine whether the trial court acted unreasonably, arbitrarily, or unconscionably in allowing or excluding the disputed evidence. *State v. Rogers*, 5th Dist. No. 07 CA 106, 2008-Ohio-6630, ¶ 17, citing *State v. Oman*, 5th Dist. No. 1999CA00027, 2000 WL 222190 (Feb.14, 2000).

{¶66} The proffered testimony of the investigator would have violated Evid.R. 608 as extrinsic evidence of a specific instance of a witness' conduct: appellant had inquired of M.R. on cross-examination about the disputed statement, but was then "stuck" with her answer and could not offer extrinsic evidence through another witness.

{¶67} Evid.R. 608(B) states:

Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid.R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

{¶68} Upon review we find the trial court's decision to disallow the testimony was not unreasonable, arbitrary, or unconscionable.

{¶69}  Appellant's seventh assignment of error is overruled.

{¶70} Having overruled appellant's seven assignments of error, the judgment of the Delaware County Court of Common Pleas is hereby affirmed.

By: Delaney, P.J.

Wise, J. and

Edwards, J. concur.

_____

HON. PATRICIA A. DELANEY

_____

HON. JOHN W. WISE

_____

HON. JULIE A. EDWARDS

PAD:kgb

[Cite as *State v. Cuthbert*, 2012-Ohio-4472.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DEWITT A. CUTHBERT | : | |
| | : | |
| | : | Case No. 11CAA070065 |
| Defendant-Appellant | : | |


For the reasons stated in our accompanying Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed.  Costs assessed to Appellant.


_____
HON. PATRICIA A. DELANEY


_____
HON. JOHN W. WISE


_____
HON. JULIE A. EDWARDS